**Your Missouri Courts**

Search for Cases by: | Select Search Method... ▾

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  **Print**

GrantedPublicAccess  **Logoff RLOUISEJAGED21**

## 1916-CV26778 - ANTHONY SLAYDEN V CENTER FOR BEHAVIORAL MEDICINE (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

| | |
|---|---|
| **Judge/Commissioner Assigned:** TORRENCE, JOHN M. | **Date Filed:** 10/02/2019 |
| **Location:** Jackson - Kansas City | **Case Type:** CC Employmnt Discrmntn 213.111 |
| **Disposition:** Dismiss by Ct w/o Prejudice | **Date of Disposition:** 02/26/2020 |
| **Judge/Commissioner At Disposition:** TORRENCE, JOHN M. | |

 Pay By Web            Track This Case

Case.net Version 5.14.0.17                    Return to Top of Page                    Released 11/25/2019



EXHIBIT
**A**

Electronically Filed - Jackson - Kansas City - October 02, 2019 - 05:17 PM

**THE 16th JUDICIAL CIRCUIT COURT OF JACKSON COUNTY, MISSOURI AT KANSAS CITY**

| | |
|---|---|
| Anthony Slayden<br>6632 Lydia Avenue<br>Kansas City, Missouri 64130 | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    Case No: |
| | ) |
| Center for Behavioral Medicine<br>1000 24th Street<br>Kansas City, Mo 64108 | )<br>)<br>) |
| Defendant. | )<br>) |

## PETITION FOR DAMAGES

    **COMES NOW** plaintiff, and states and alleges the following as and for his causes of action against Defendant.

### ALLEGATIONS COMMON TO ALL COUNTS

### A. PARTIES

    1.    Plaintiff is a citizen and resident of Kansas City, Jackson County, Missouri, residing at the address shown hereinabove.

    2.    Plaintiff is a Black American citizen.

    3.    Defendant "Missouri Center for Behavioral Health" (MCBH), is a quasi-government entity doing business as the "Center for Behavioral Health" in the State of Missouri, specifically Jackson County, Missouri. Furthermore, Defendant had agents, servants, and employees whose actions and omissions are part of the foundation of liability for this case, since all as such agents, servants, and employees acted within the course and scope of their relationship with the corporate Defendant.

1

This Defendant has more than 15 employees.

4. Defendant, Missouri Center for Behavioral Health (MCBH), is a quasi-government whose primary place of business is at 1000 East 24th Street, Kansas City, Missouri 64108.

5. Defendant MCBH, employ Silva Miller as their Manager of Human Resources, its office is located at 1000 East 24$^{th}$Street, Kansas City, Missouri 64108.

6. At all times relevant herein, Defendant Missouri Center for Behavioral Health had more than six (6) employees.

7. At all times relevant herein, Defendant MCBH was and is Plaintiff's employer as defined by, and within the meaning of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010(7).

8. Plaintiff's cause of action is filed against Defendants pursuant to the MHRA, Mo. Rev. Stat. § 213.010 et seq., (2016).

## B. JURISDICTION

9. On or about July 24, 2019, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and (by dual filing) the Missouri Commission on Human Rights, alleging discrimination against defendant. Said charge was designated as an Equal Employment Opportunity Charge No. 563-2019-02403 and Missouri Commission on Human Rights Charge No. _____.

10. The Missouri Human Rights Commission has not yet issued a Right to Sue to Anthony Slayden in his case, as numbered above. Plaintiff has not yet received his Right to Sue in this matter. A copy of this document will be attached hereto as Exhibit A

and incorporated herein as though fully set forth, once received.

11. On or about July 24, 2019, The U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue to plaintiff Anthony Slayden in his case, as numbered above. Plaintiff received his Right to Sue on or about August 6, 2019. A copy of this document is attached hereto as Exhibit B and incorporated herein as though fully set forth.

12. This lawsuit was filed within ninety (90) days of receipt of the letters mentioned hereinabove.

## C. FACTUAL ALLEGATIONS

13. Plaintiff started work for defendant as a Security Officer on approximately August 15, 2012????

14. During plaintiff's employment with Defendant, he has been subjected to discriminatory treatment based upon his race or ethnicity from management and fellow co-workers based on his race or ethnicity, Black.

15. Plaintiff alleges that the actions and failures to act of Defendants created intolerable working conditions and a hostile environment in which to work. Plaintiff's race or ethnicity was a motivating factor in these actions and/or omissions. Plaintiff found it impossible to work under these intolerable conditions and in the hostile environment. Therefore, plaintiffs' employment with Defendant was abusive, and he has been continually harassed and threatened because he complained of disparate treatment to members of the Missouri Center for Behavioral Health management.

3

Electronically Filed - Jackson - Kansas City - October 02, 2019 - 05:17 PM

16.     The treatment rendered plaintiff by Defendant had the effect of limiting, segregating, classifying, and discriminating against him in ways that jeopardized his career and tended to deprive him of employment opportunities by reason of his race or ethnicity.  The discriminatory treatment detracted from his job performance.

17.     The Defendant has practiced and does practice race or ethnicity discrimination and harassment in the hiring, promotion, discipline, and firing policies, practices and procedures, all affecting the compensation, terms, conditions and privileges of employment.  This included, but is not limited to unwelcome comments and conduct which had the purpose or effect of unreasonably interfering with plaintiff's work performance thereby creating an intimidating, hostile, abusive and/or offensive working environment.

18.     Examples of the discrimination include, but are not limited to, the following:     Racial Harassment by Mike Seward:

Mike Seward, Security Supervisor.  He was someone who harassed plaintiff and made his working environment abusive, hostile, intimidating and offensive. This racial harassment unreasonably interfered with plaintiff's work performance on the job.  Throughout his career, Mr. Slayden has been intricately involved in securing the workplace as a security officer his reputation and persona preceded him at MCBH, and through his work with security and specifically counseling other security officers regarding the abusive racial circumstances they had to endure almost daily.

**List of Events:**

New white supervisor Mike Seward (MS)(WM), wants him to come in when he is off duty to meet with him and call him while he is off-duty.  MS has made an issue of Slayden having a second job and has stated openly that AS doesn't need this job….he should just quit.

MS harassing AS almost daily-

4

Electronically Filed - Jackson - Kansas City - October 02, 2019 - 05:17 PM

**July 13, 2018**, MS, Richard Paul and AS participated in two separate interviews of Black applicants, Matthew Hedge and Eugene Sims. MS interrogated the potential candidates so aggressively, they reported feeling uncomfortable. MS said he believed something was going on with both of them, AS wanted to hire both. However, MS's aggressive questioning had discouraged either candidate's interest in working for Western Missouri. MS interviewed two white applicants without rancor, and hired the two inexperienced white applicants.

**July 17, 2018**, while preparing to attend a Pro Act class, MS states he needs AS to sign a conflict form and a change of policy form. AS advised he would sign the conflict form, but not the change of policy form. MS got in his face, yelling and staring into AS's eyes (attempting to provoke him to fight). MS threatened to go to HR on AS, and pulled him out of the class.

**July 29, 2018**, MS wanted AS to arbitrarily write-up an employee despite his pointing out that the targeted employee wasn't on duty at the time of the alleged occurrence. Further, it wasn't AS shift that were participants in the Code Blue drill.

**July 30, 2018**, MS sowing dissension amongst the minority staff, claiming they are short-staffed because of AS and arbitrarily changing their off days. After interview of a white applicant, AS was not supportive of hiring because of problematic answers to interview questions and inexperience. Especially when qualified Black applicants were arbitrarily turned away, again.

**August 1, 2018**, again MS wants to meet with AS after he leaves the job, and is subjecting him to discipline, if he doesn't comply with the request to meet.

Notified HR on August 7, 2018, of discriminatory treatment.

**See August 7, 2018**, email, attached as Exhibit C.

AS asked HR about filing a grievance on August 8, 2018, against MS, wasn't provided a grievance/complaint form.

**August 10, 2018**, told again he could quit and that he didn't need this job because he has a 2nd job, this was overheard by Angela Bradley.

MS promised Angela Bradley a supervisor position, and then encouraged Larry Jackson (WM) to apply. Who did the position go to….?

MS is specifically targeting AS and Joseph Holzendorf (BM's) for termination, and has said as much.

5

Plaintiff complained to the Human Resources and others about his belief, "that he was the recipient of discriminatory treatment". Plaintiff believes this treatment was motivated by his faith, and also believes this motivated retaliation by his employer for his having raised the discrimination issue. Plaintiff was within his rights to raise the discrimination issue. Plaintiff should not have been punished for doing so. This constitutes retaliation under the law. Moreover, Mr. James also told Ms. Scott she was discriminating against him before multiple attempts to demote him and/or terminate him.

Failure to Act on My Complaints:

19.     Human Resources Manager, Silva Miller, was specifically advised of

Mr. Slayden's disparate treatment.  However, no action was taken in response to his

complaints.  Which made plaintiff a target for termination.

Retaliation.

20.     Supervisor and subordinates were cold toward plaintiff. Co-workers

would come to plaintiff and yell, curse at him. He was not permitted to perform his job

and considered a "trouble maker". His disparate treatment intensified after he

complained to Human Resources and the MCHR.

21. Furthermore, all of the actions or omissions which took place by

Defendant, occurred specifically, in Jackson County, Missouri.

22. All of the actions and/or omissions described herein were accomplished by

agents, servants or employees of the Defendant, acting within the course and scope of

their employment with Defendant.

## COUNT I -- FEDERAL CLAIM (TITLE VII) ---- RACE DISCRIMINATION

23.     Defendant intentionally engaged in unlawful employment practices by

discriminating against plaintiff based upon his race or ethnicity, all in violation of 42

6

Electronically Filed - Jackson - Kansas City - October 02, 2019 - 05:17 PM

U.S.C. Section 2000(e) <u>et seq.</u>, Title VII of the Civil Rights Act of 1964, as amended, by practices, acts and omissions, as set out hereinabove. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 2000(e) 5-(f), 28 U.S.C. Sections 1331 and 1343 (3) and (4).

24. As a direct and proximate result of Defendants' unlawful acts, plaintiff has suffered:

      (a) Economic loss in the form of lost wages, lost benefits, and related consequential damages; and

      (b) Vocational-professional losses in the form of a detrimental job record, loss of employment, career damage, and a diminished career potential; and

      (c) Mental distress in the form of embarrassment, humiliation, and anxiety.

25. As a further direct and proximate result of Defendant's unlawful acts, plaintiff is also entitled to such affirmative relief as may be appropriate, including, but not limited to, permanent injunction, declaration of rights, reinstatement, damages, lost wages and benefits, and his reasonable attorney's fees incurred herein, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) and paragraphs 5(f).

26. The discrimination described hereinabove against plaintiff by Defendant was intentional, willful, wanton, malicious and/or outrageous because of Defendant's evil motive and/or reckless indifference to the rights of others, thus entitling plaintiff to exemplary damages.

7

**WHEREFORE**, plaintiff prays under Count I of his Petition that this Court find that the Defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities and, because of said unlawful employment practices, grant, and award:

      (a)     A permanent injunction enjoining Defendant, their officers, agents, employees, successors and assigns, and all persons acting in concert or participating with defendants, from engaging in any employment practice which discriminates against persons because of race or ethnicity, including plaintiff herein;

      (b)     Plaintiff's reinstatement to his position with Defendant;

      (c)     Plaintiff a judgment in an amount allowed by law for his actual damages;

      (d)     Plaintiff a judgment in an amount allowed by law for his exemplary damages;

      (e)     Plaintiff the cost and expenses of this action, including reasonable attorney's fees; and

      (f)     Such other relief as the Court deems appropriate.

## COUNT II -- MISSOURI CLAIM --- R.S.Mo., CHAPTER 213
## RACE DISCRIMINATION

27.    Defendant intentionally engaged in unlawful employment practices in violation of Section 213.055, R.S.Mo. 1986, as amended, by practices, acts and omissions set out hereinabove.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1367.

8

28.    As a direct and proximate result of Defendant's unlawful acts and omissions, plaintiff has suffered:

(a)    Economic loss in the form of lost wages, lost benefits, and related consequential damages; and

(b)    Vocational-professional losses in the form of a detrimental job record, loss of employment, career damage, and a diminished career potential; and

(c)    Mental distress in the form of embarrassment, humiliation, and anxiety.

29.    Because the actions and omissions of Defendant were outrageous, due to Defendant's evil motive or reckless indifference to the rights of others, specifically plaintiff, thus plaintiff is further entitled to an award of exemplary damages.

30.    As a further direct and proximate result of Defendant's unlawful acts and omissions, plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to damages as set out hereinabove, permanent injunction, declaration of rights, reinstatement, lost wages and benefits pursuant to the provisions of Chapter 213, R.S.Mo. 2016 as amended, and for his reasonable attorney's fees incurred herein.

**WHEREFORE**, plaintiff prays under Count II of his Petition that this Court find that the Defendant has engaged in unlawful employment practices under the laws governing equal employment opportunities, and, because of said unlawful employment practices, grant and award:

(a)    A permanent injunction enjoining Defendant, their officers, agents, employees, successors and assigns, and all persons acting in concert or participating with defendants, from engaging in any employment practice which

9

(b)     discriminates against persons because of race or ethnicity, including plaintiff herein; Plaintiff's reinstatement to his position with Defendant;

(c)     Plaintiff a judgment in an amount allowed by law for his actual damages;

(d)     Plaintiff a judgment in an amount allowed by law for his exemplary damages;

(e)     Plaintiff the cost and expenses of this action, including reasonable attorney's fees; and

(f)     Such other relief as the Court deems appropriate.

## COUNT III ILLEGAL RETALIATION IN VIOLATION OF THE MHRA

31. Plaintiff incorporates by reference all allegations of this Petition as if set forth herein.

32. During his employment, Plaintiff complained to Defendants, objected to and /or opposed the harassment and/or discrimination by, among other things, complaining to Human Resources and Ms. Miller.

33. Plaintiff's complaints to Defendants about discrimination are protected activities under the MHRA.

34. Plaintiff's complaints of harassment and/or discrimination contributed to Defendants' actions, inactions, decisions, and/or conduct that affected the terms, conditions, and privileges of Plaintiff's employment as alleged herein.

35. Defendants' actions and/or inactions constitute unlawful retaliation against

10

Plaintiff in violation of the MHRA.

36. Defendants' actions and/or inactions occurred by and/or through its agents, servants, and/or employees acting within the course and scope of their employment.

37. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other non-pecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

38. Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff prays for Judgment against Defendants, finding the acts and practices of the Defendants violated MO. REV. STAT. § 213.010 et seq., (2016); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendants to place Plaintiff in the same position he would have been absent the illegal discrimination; and for such other relief as the Court deems just and proper.

11

## COUNT IV HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MHRA

39. Plaintiff incorporates by reference all allegations of this Petition as if set forth fully herein.

40. As a Black person, Plaintiff is a member of protected groups within the meaning of the MHRA.

41. Plaintiff was subjected to unwelcome harassment and/or discrimination based on Plaintiff's race or ethnicity as described herein.

42. Plaintiff's race or ethnicity contributed to the harassment and/or discrimination alleged herein.

43. Defendants subjected Plaintiff to the harassment and/or discrimination on a continuous and/or ongoing basis.

44. The harassment and/or discrimination to which Plaintiff was subjected affected the terms, conditions, and/or privileges of Plaintiff's employment.

45. The discrimination, harassment, and/or retaliation to which Plaintiff was subjected created a hostile work environment.

46. The discrimination, harassment, and/or hostile work environment substantially interfered with Plaintiff's work performance.

47. Defendants knew or should have known of the discrimination, harassment, and/or the hostile work environment to which Plaintiff was subjected.

48. Defendants failed to implement prompt and effective remedial action to end the discrimination, harassment, and/or the hostile work environment to which Plaintiff was subjected when Defendants knew or should have known of the discrimination, harassment, and/or the hostile work environment.

12

49. Defendants' actions and/or inactions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA.

50. Defendants' actions and/or inactions occurred by and/or through its agents, servants, and/or employees acting within the course and scope of their employment.

51. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other non-pecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

52. Defendants' conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

53-. Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 et seq., (2016); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring

13

Electronically Filed - Jackson - Kansas City - October 02, 2019 - 05:17 PM

Defendant to place Plaintiff in the same position he would have been absent the illegal discrimination; and for such other relief as the Court deems just and proper.

## COUNT V --- OUTRAGEOUS CONDUCT

54.     Defendant intentionally or recklessly caused severe emotional distress to plaintiff by the actions described herein.

55.     Such actions constitute extreme and outrageous conduct.

56.     Such actions were taken under circumstances of malice, willfulness, wantonness, insult and inhumanity.

57.     As a direct result of Defendant's actions, plaintiff suffered severe emotional distress, all to his actual damage.

58.     Because the actions and omissions of Defendant described herein were intentional and outrageous due to Defendant's evil motive or reckless indifference to the rights of others, plaintiff is further entitled to an award of exemplary damages.

**WHEREFORE**, plaintiff prays under Count V of his Petition that this Court enter a judgment for actual and exemplary damages in such amounts as are fair and reasonable.

## COUNT VI -- NEGLIGENT INFLICTION OF MENTAL DISTRESS

59.     Defendant negligently caused severe emotional distress to plaintiff by the actions and omissions described herein.

60.     Defendant should have realized that their conduct involved an unreasonable risk of causing the distress.

14

61.     As a direct result of Defendant's actions and omissions, plaintiff suffered severe emotional distress, all to his actual damage.

62.     Because the actions and omissions of Defendant described herein were intentional and outrageous due to Defendant's evil motive or reckless indifference to the rights of others, plaintiff is further entitled to an award of exemplary damages.

**WHEREFORE**, plaintiff prays under Count VI of his Petition that this Court enter a judgment for actual and exemplary damages in such amounts as are fair and reasonable (in excess of $50,000.00) and for his costs incurred.

### DEMAND FOR JURY TRIAL

Plaintiff does demand a jury trial on all issues raised herein.

Respectfully Submitted,
LAW OFFICE OF PAUL S. FRANCO

By: /s/ Paul S. Franco
Paul S. Franco, #45122
3408 Independence Ave.
Kansas city, MO 64124
(816) 920-6613 (phone)
(816)920-6722 (fax)

Email: pfranco1@att.net

**ATTORNEY FOR PLAINTIFF**

15

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

FILED
DIVISION 14
22-Jan-2020  15:19
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _Tony VanTrun_

ANTHONY SLAYDEN )
                  Plaintiff(s), )
vs. )
          )
CENTER FOR BEHAVIORAL MEDICINE )
, )
                  Defendant(s). )

Case No. 1916-CV26778
Division  14

*Dismissed for want of prosecution JMTorr*

## CASE MANAGEMENT ORDER

Plaintiff(s) appear by ___N/A_____.

Defendant(s) appear by ___N/A_____, _____, _____.

A copy of this order was hand-delivered to each party on this date.

1. Jury/Bench trial shall commence at 9:00 a.m. on _____.  It is estimated that the complete trial will last _____ days.  It is understood that, absent extraordinary circumstances, the trial will not be continued. Judge JOHN M. TORRENCE is designated trial judge.

2. ☐ The parties have agreed to prepare a stipulated scheduling order and provide the order to the Court for signature within ten (10) days.  **OR**

   ☐ The parties shall comply with the following discovery schedule:

3. All necessary parties shall be added no later than _____.  All requests to file amendments to the pleadings shall be filed no later than _____.

4. Plaintiff shall identify expert witnesses no later than _____.  Defendants shall identify expert witnesses _____ days thereafter.

5. Discovery shall close (all depositions taken and responses to timely propounded discovery requests served on requesting parties) on _____.

6. All dispositive motions shall be filed no later than _____.

7. A pretrial conference is scheduled for _____ a.m./p.m. on _____.

8. Mediation shall take place no later than _____.  Mediation expenses shall be equally shared by the parties unless otherwise agreed.

1- 22-20
_____
DATE

_____
JOHN M. TORRENCE, CIRCUIT JUDGE

**Certificate of Service**

This is to certify that a copy of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system. In addition, this certifies that a copy of the foregoing was hand delivered/faxed/ emailed/mailed to the following on _____.

PAUL SAMUEL FRANCO, Attorney for Plaintiff, 3408 INDEPENDENCE AVE, KANSAS CITY, MO 64124
(816) 920-6722, PFRANCO1@ATT.NET

Law Clerk / Judicial Administrative Assistant, Division 14

Electronically Filed - Jackson - Kansas City - March 04, 2020 - 04:27 PM

## THE 16th JUDICIAL CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| Anthony Slayden<br>6632 Lydia Avenue<br>Kansas City, Missouri 64130 )<br><br>Plaintiff, )<br><br>v. )<br><br>Center for Behavioral Medicine<br>1000 24th Street<br>Kansas City, Mo 64108 )<br><br>Defendant. ) | Case No: 1916-CV26778<br><br>Division: 14 |

### PLAINTIFF'S MOTION TO REINSTATE CAUSE OF ACTION
### AND SUGGESTIONS IN SUPPORT

Plaintiffs seek to get this matter back on track after their counsel made a mistake in reading the Court's notice regarding what was a time change of the case management conference, not a cancellation.  This fact requires that counsel request the Court to reinstate this matter at this time.  Moreover, the interest of justice requires that counsel request the Court's indulgence in allowing Mr. Slayden to continue his pursuit of justice in this case.  In support of his motion, counsel states the following:

Plaintiff's counsel making a showing of good cause, Mo.R.Civ.P. 74.06(b)(1) suggests that Plaintiff's action might not be dismissed, where such dismissal might forever bar Plaintiff from seeking relief.  Specifically, Rule74.01(b)(1) reads:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect.

**Mo. R. Civ. P. 74.06(b)(1)**. Counsel for Plaintiff would have appeared before the Court, but for his misreading of the Court's notice. Plaintiff counsel's mistake, arguably fits squarely within the circumstances contemplated under the Missouri Rules. Mr. Slayden asks this Court to grant his motion for reinstatement and permit him to continue pursuing his lawsuit, my mistake not withstanding. In light of these circumstances, Plaintiff's counsel did not realize he needed to appear before court, therefore, Mr. Slayden asks this Court to reinstate his cause of action.

Moreover, the "excusable neglect" standard under the Missouri Rules is an elastic concept. The rules specifically permit the grant of Mr. Slayden's request, where the omission is due to oversight, inadvertence, excusable neglect, or **when justice requires**. [Emphasis Added]. **Mo.R.Civ.P,. 74.06(b)(1).** This is arguably an instance where justice requires the Court to reinstate.

Upon the authority of Mo.R.Civ.P., 41.03, the Court also has within its' sound discretion, the power to permit Mr. Slayden to continue pursuing his claims, when it is demonstrated it is in the interest of justice, Mo.R.Civ.P., 41.03 reads in part:

> These rules shall be construed and administered to secure the **just**, speedy and inexpensive determination in every action. [Emphasis Added].

**Mo.R.Civ.P., 41.03.** Morally, the interest of justice is served by the Court allowing Mr. Slayden to reinstate his cause, since denying such a motion may in effect prohibit him from ever being able to prosecute his claims against the Defendant. The Defendant will not be prejudiced should the Court grant Mr. Slayden's motion to reinstate and setting aside its' previous dismissal. Under the current facts, the Court's

balancing of these competing interests require that Mr. Slayden be allowed to reinstate his petition. It is the just result. Pursuant to the Missouri Rules of Civil Procedure, this Court may exercise its' discretion to avoid penalizing Mr. Slayden for his counsel's mistake in reading the Court's notice. Thus, Mr. Slayden prays the Court will permit him to now reinstate his cause and set aside the previous dismissal, even though without prejudice and bring a meaningful resolution to it on the merits, not a technicality.

## CONCLUSION

It is certainly not our intention to vex the Court with this motion, but we can only hope that the Court will understand and acknowledge the merit of Mr. Slayden's request for reinstatement; and thereby grant him the opportunity to reinstate his cause of action, despite counsel's mistake.

Respectfully Submitted,

*Paul S Franco*

_____

Paul Samuel Franco Mo. Bar# 45122
Law Office of Paul Samuel Franco LLC.
4519 Independence Ave
Kansas City, MO. 64124
(816) 920-6613 (w) (816) 920-6722 (f)
Email: pfranco1@att.net

**Certificate of Service:**

I certify that I caused a copy of this Motion to be sent via The Missouri Court Electronic

Filing System to all the parties associated in this matter and it was done on March 2, 2020.

_____

Paul Samuel Franco

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

ANTHONY SLAYDEN,         )
            Plaintiff,    )
    vs.          )      Case No.  1916-CV26778
                   )      Division  14
                   )
CENTER FOR BEHAVIORAL MEDICINE    )
            Defendant.    )

**FILED**
**DIVISION 14**
**25-Mar-2020   12:10**
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _____

### ORDER

NOW, on this 25th day of March 2020, this Court takes up "Plaintiff's Motion To Reinstate Cause Of Action And Suggestion In Support" filed on March 4th, 2020. Upon review of Plaintiff's Motion, the Court finds that said Motion should be and is hereby GRANTED for good cause shown.

**IT IS HEREBY ORDERED** that the Order of Dismissal filed on January 22nd, 2020, in the above captioned cause is set aside.

**IT IS FURTHER ORDERED** that a Case Management Conference is scheduled for **April 29th, 2020, at 9:00 AM in Division 14** of the Circuit Court of Jackson County, Missouri (Kansas City).

**IT IS SO ORDERED.**

      25-Mar-2020
_____      _____
        DATE                  JOHN M. TORRENCE, CIRCUIT JUDGE

**Certificate of Service**
This is to certify that a copy of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system. In addition, this certifies that a copy of the foregoing was hand delivered/faxed/emailed/mailed to the following on _____.

PAUL SAMUEL FRANCO, Attorney for Plaintiff, 3408 INDEPENDENCE AVE, KANSAS CITY, MO 64124
(816) 920-6722, PFRANCO1@ATT.NET

_____
 Law Clerk / Judicial Administrative Assistant, Division 14

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

ANTHONY SLAYDEN,                    )
           Plaintiff,      )
    vs.                            )     Case No.  1916-CV26778
                     )     Division   14
                     )
CENTER FOR BEHAVIORAL MEDICINE     )
          Defendant.      )

**FILED**
**DIVISION 14**
**30-Apr-2020   17:13**
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _Lisa M. Collins_

## ORDER

Counsel for Plaintiff filed his Petition on October 2nd, 2019. Request for issuance of summons was just recently made on April 28th, 2020. A Case Management Conference was held on January 22, 2020. Counsel for Plaintiff failed to appear and the Court dismissed this case for want of prosecution on January 22nd, 2020. Subsequently, counsel for Plaintiff filed a Motion to Set Aside the dismissal, which the Court granted. A Case Management Conference was then scheduled by WebEx video conference for April 29th, 2020. Counsel for Plaintiff failed to appear once again.

The above-mentioned case is scheduled for one more Case Management Conference on **June 24th, 2020 at 9:00 AM in Division 14**. If defendants have not been served, the Petition will be dismissed and, to be clear, this Court will not enter another order setting aside the dismissal.

      **IT IS SO ORDERED.**

_____April 30, 2020_____                     _____
          DATE                           JOHN M. TORRENCE, CIRCUIT JUDGE

**Certificate of Service**
This is to certify that a copy of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system.

PAUL SAMUEL FRANCO, Attorney for Plaintiff, 3408 INDEPENDENCE AVE, KANSAS CITY, MO 64124
(816) 920-6722, PFRANCO1@ATT.NET

In addition, this certifies that a copy of the foregoing was hand delivered/faxed/emailed/mailed to the following on __30-Apr-2020__ .

CENTER FOR BEHAVIORAL MEDICINE, Defendant, 1000 24TH STREET, KANSAS CITY, MO 64108

_____

Law Clerk / Judicial Administrative Assistant, Division 14

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

ANTHONY SLAYDEN
        Plaintiff,

Case No.  1916-CV26778
Division 14

CENTER FOR BEHAVIORAL
MEDICINE
        Defendant.

```
FILED
DIVISION 14
12-Jun-2020  10:24
CIRCUIT COURT OF JACKSON COUNTY, MO
BY  Lucia M. Callicotte
```

## NOTICE OF HEARING

This above case has been scheduled for a Case Management Conference on the **24th day of June, 2020** at **09:00 AM** in **DIVISION 14**. The conference will be conducted through WebEx. For information on and instructions for WebEx, please visit the Division 14 website at https://www.16thcircuit.org/division-14-judge-john-m-torrence.

Please email lucia.callicotte@courts.mo.gov for the meeting link or call 1-408-418-9388 and enter access code 126 684 1010 to join the meeting by phone.

| | |
|---|---|
| June 12, 2020 | _John M. Torrence_ |
| Date | **JOHN M. TORRENCE, Circuit Judge** |

### Certificate of Service

This is to certify that a notice of the entry of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system.

PAUL SAMUEL FRANCO

In addition, this certifies that a copy of the foregoing was mailed to the following persons on __12-Jun-2020__:

CENTER FOR BEHAVIORAL MEDICINE, Defendant, 7000 24TH ST, KANSAS CITY, MO 64108

_Lucia M. Callicotte_

**Division 14 Law Clerk**